UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 17-CR-00195-2 (JMB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Lorenzo Soto-Zazueta, | |
| Defendant. | |

LeeAnn K. Bell, United States Attorney's Office, Minneapolis, MN, for Plaintiff United States of America.

Defendant Lorenzo Soto Zazueta, self-represented.

This matter is before the Court on Defendant Lorenzo Soto Zazueta's motion, which he has styled as a motion to revive the case and clarify charges (Motion). (Doc. No. 213.) In April 2018, Soto Zazueta pleaded guilty to and was convicted of one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. (Doc. Nos. 85, 86.)  The Honorable Wilhelmina Wright sentenced Soto Zazueta to 144 months' imprisonment, followed by five years of supervised release. (Doc. No. 136.)  Soto Zazueta was in BOP custody until June 2022, when he was transferred to a penal institution in Sinaloa, Mexico, pursuant to the Prisoner Transfer Treaty between the United States and Mexico, where he serves the remainder of his sentence. *See* Treaty on the Execution of Penal Sentences [hereinafter, "Treaty"], Mexico-U.S., 28 U.S.T. 7399, 1977 WL 181724

(Nov. 25, 1976);[1] Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ [https://perma.cc/YV2N-X6H7]. (*See* Doc. No. 210 at 2.)

In his Motion, Soto Zazueta informs the Court that he believes a judge in Mexico has violated Articles V and VI of the Treaty by "modify[ing] and chang[ing]" his crime of conviction in this Court in April 2018. (Doc. No. 213 at 1; *see also* Doc. Nos. 85, 86.) More specifically, he acknowledges that he pleaded guilty to conspiracy, which he believes should be classified under Mexican law as a crime known as "asociación delictuosa"; however, according to Soto Zazueta, Mexican authorities have classified him as having been convicted of the crime known as "delincuencia organizada." (Doc. No. 213 at 1.) He asks for "this unfortunate mistake to be clarified" and for the Court to "advise the [M]exican authorities" how his crime of conviction should be classified under Mexican law. (*Id.*) The Government has not responded.

The Court has reviewed the portions of the Treaty specifically referenced in Soto Zazueta's motion—Articles V and VI. For its part, Article V provides, in relevant part,[2] as follows:

> (2) Except as otherwise provided in this Treaty, the completion of a transferred offender's sentence shall be carried out according to the laws and procedures of the Receiving State, including the application of any provisions for reduction of the

---

[1] *See also* National Criminal Justice Reference Service, *Prisoner Transfer Treaty Between the United States of America and Mexico* [hereinafter, "Treaty"], https://www.ojp.gov/ncjrs/virtual-library/abstracts/prisoner-transfer-treaty-between-united-states-america-and-mexico [https://perma.cc/SE5A-MSJH].

[2] Soto Zazueta does not identify which specific provisions of Article V he believes the Mexican judge has violated. However, based on the substance of Soto Zazueta's motion, the Court has determined that Article V(1), (4), (5), (6), are not relevant here.

> term of confinement by parole, conditional release or otherwise. The Transferring State shall, however, retain the power to pardon or grant amnesty to the offender and the Receiving State shall, upon being advised of such pardon or amnesty release the offender.
>
> (3) No sentence of confinement shall be enforced by the Receiving State in such a way as to extend its duration beyond the date at which it would have terminated according to the sentence of the court of the Transferring State.

Treaty, art. V(2), (3). Further, Article VI states as follows:

> The Transferring State shall have exclusive jurisdiction over any proceedings, regardless of their form, intended to challenge, modify or set aside sentences handed down by its courts. The Receiving State shall, upon being advised by the Transferring State of action affecting the sentence, take the appropriate action in accordance with such advice.

Treaty, art. VI. The Court has also reviewed the provisions of the Treaty not implicated in Soto Zazueta's motion. It notes that Article IV(7) provides as follows:

> The Transferring State shall furnish the Receiving State a statement showing the offense of which the offender was convicted, the duration of the sentence, the length of time already served by the prisoner and any credits to which the offender is entitled, such as, but not limited to, work done, good behavior or pretrial confinement. Such statement shall be translated into the language of the Receiving State and duly authenticated. The Transferring State shall also furnish the Receiving State a certified copy of the sentence handed down by the competent judicial authority and any modifications thereof. It shall also furnish additional information that might be useful to the Authority of the Receiving State in determining the treatment of the convict with a view to his social rehabilitation.

Treaty, art. IV(7).

In other words, the Treaty provides that: authorities in the United States are to provide accurate information about an inmate's conviction and sentence to the appropriate

3

authorities in Mexico, *id.*; then, authorities in Mexico carry out the sentence "according to the laws and procedures of [Mexico]," but in such a way not to lengthen the duration of the sentence imposed by the U.S. court, *id.*, Art. V(2),(3); and this Court retains jurisdiction over proceedings to modify the underlying sentence, *id.*, at Art. VI.  Assuming without deciding that authorities in Mexico have made a mistake in the way they carry out Soto Zazueta's sentence, the Court concludes that the Treaty does not give this Court jurisdiction to direct Mexican officials how to carry out the laws of Mexico, as Soto Zazueta requests.[3]

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Defendant Lorenzo Soto Zazueta's motion to revive the case and clarify charges (Doc. No. 213) will be DENIED.

Dated:  October 23, 2024                                         /s/ *Jeffrey M. Bryan*
                                                                                    Judge Jeffrey M. Bryan
                                                                                    United States District Court

---

[3] The Court observes that, under Article IV(7), U.S. officials were required to provide a statement to Mexican authorities "showing the offense of which the offender was convicted" in both English and Spanish.  Treaty, art. IV(7).  Because Soto Zazueta has not filed this document, the Court cannot determine whether the statement was sufficient or accurate.  Nothing in this order precludes Soto Zazueta from requesting a copy of what was provided to Mexican authorities or from seeking relief from this Court if necessary to obtain a copy of this information.